(No. 32984.—

FRANK E. SWEETING *et al.*, Appellees, *vs.* RUTH CAMPBELL *et al.*—(RUTH CAMPBELL, Appellant.)

*Opinion filed March 17, 1954—Rehearing denied May 19, 1954.*

BERRY & O'CONOR, of Streator, for appellant.

WILLIAM ZWANZIG, of Ottawa, trustee, ERNEST A. POOL, guardian *ad litem,* and COSTIGAN, WOLLRAB & YODER, of Bloomington, for appellees Lelia S. Adams *et al.,* and CHESTER THOMSON and DEPEW & DEPEW, both of Bloomington, for appellee Ruth T. Sweeting.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of LaSalle County which dismissed a complaint for specific performance of a contract for the sale of land. The controlling issue, which emerges from a rather complex background of multiple conveyances and multiple lawsuits, is the effect to be given in this action to an earlier judgment concerning the title to the property in question.

For an understanding of the case, it is not necessary to state the details of each of the numerous transactions and documents involved. It is sufficient to note that in 1946 Frank E. Sweeting was the owner of one parcel of property in Streator, in LaSalle County, and seven parcels in Bloomington, in McLean County. In that year he executed a declaration of trust under which the beneficiaries were Lelia S. Adams, his only child, a daughter by his first marriage; Patricia McNaughton, his grand-

daughter; James R. Adams his grandson; Ruth T. Sweeting his second wife, and himself. In May of 1949 he and his wife executed another trust instrument, the effect of which, if certain conditions were complied with, was to transfer title to the property in trust, with a one-third interest in Mrs. Adams, one-sixth each in Mrs. McNaughton and James R. Adams, and one-third in Mrs. Sweeting.

These trust instruments were not recorded in Illinois. In October of 1949 Sweeting's daughter, Lelia S. Adams, filed of record in LaSalle County and in McLean County her affidavit in which she set forth copies of the trust instruments and described the circumstances under which they were executed.

In December of 1949 Sweeting and his wife entered into a contract to sell the Streator property to Ruth Campbell for $70,000. An opinion of title expressed doubt as to the merchantable quality of the Sweetings' title in the absence of a judicial interpretation of the effect of the various trust instruments set forth in Mrs. Adams's affidavit. Later in December of 1949, the Sweetings and Mrs. Campbell entered into a supplemental contract which recited that examination of the abstract of title had revealed the existence of a trust which made necessary a proceeding in the circuit court of LaSalle County in the nature of an action for specific performance to obtain an adjudication as to whether or not the vendors could convey merchantable title. The supplemental contract imposed upon the vendors the duty of commencing and carrying forward a suit to ascertain the merchantability of their title and provided that the contract for the sale of the land should be null and void in the event the suit resulted in a determination that the Sweetings could not convey merchantable title.

On January 5, 1950, Mr. and Mrs. Sweeting filed their complaint in the circuit court of LaSalle County. They sought a decree setting aside the trust instruments and

declaring that they were empowered to convey title to Mrs. Campbell free and clear of the claims of any of the beneficiaries of the trusts, and directing Mrs. Campbell to complete the contract for the purchase of the property. The complaint alleged that a suit was contemplated "in McLean County, where certain other real estate which the purported trust agreements sought to include was situated, for the purpose of setting aside the trusts upon the grounds of non-delivery, fraud, overreaching and failure of consideration." Mrs. Adams and her children, Mrs. Campbell, and all other interested parties were made defendants.

By a counterclaim filed on August 4, 1950, Mrs. Adams and her two children alleged that the terms of the trust agreements, particularly that of May 7, 1949, precluded Sweeting and his wife from entering into an agreement to sell the property, and that the instruments were in process of construction in an action in the circuit court of McLean County brought by the Sweetings. The relief sought was a decree permitting this action to await the disposition of the suit in McLean County or, in the alternative, declaring the rights and interests of the parties under the trust agreements, appointing a successor trustee to Sweeting, and setting aside the contract for the sale of the Streator property.

Ruth Campbell, by her counterclaim for specific performance of the contract, filed on July 20, 1951, sought a declaratory judgment finding that Sweeting and his wife had full power and authority to execute the contract of sale.

Issues were joined upon the complaint and the counterclaims. While the litigation was in progress, Sweeting died on November 9, 1950. By his will he devised and bequeathed his entire estate to his wife, Ruth T. Sweeting, with the exception of a bequest of $100 to his daughter, Mrs. Adams.

On December 27, 1950, the building on the premises was totally destroyed by fire. The insurer sought and was granted leave to pay the sum of $50,000, the proceeds of two policies, to the clerk of the circuit court, to be retained for distribution, subject to the further order of the court. The insurance company was discharged from its obligations under the policies and dismissed from the suit, without costs.

In the meantime, on February 4, 1950, Sweeting and his wife had filed a complaint to quiet title to the Streator and Bloomington properties in the circuit court of McLean County. Mrs. Adams and her two children were made defendants, but Ruth Campbell was not a party to this action. Mrs. Adams and others filed a counterclaim. The decree entered in this case on January 23, 1952, adjudged the 1946 declaration of trust void, and ordered it removed as a cloud upon the title to the property. It also adjudged that the 1949 trust instrument was valid and that neither Sweeting nor his wife had any right to convey any of the real estate, other than an estate for the life of Sweeting, except in accordance with the terms of the 1949 trust instrument. It was further decreed that by reason of that trust instrument, Sweeting's will was inoperative upon the real estate involved. No appeal was taken from the decree.

The principal issue before us relates to the effect which was given to this decree of the circuit court of McLean County in the specific performance action. The McLean County decree was admitted in evidence during the trial, and in its decree the court held that the McLean County decree was enforceable and binding upon the parties in the specific performance case as establishing a trust which permitted of no sale of the property in question during the lifetime of Frank E. Sweeting. The decree therefore dismissed the complaint for specific performance and ordered the proceeds of the insurance policy paid to the

American State Bank of Bloomington, as trustee under the 1949 trust agreement. Except in one particular which will be referred to subsequently, the decree in the specific performance action before us was based entirely upon the controlling and conclusive effect of the decree of the circuit court of McLean County.

The principal attack upon the decree by the appellant, Ruth Campbell, is that it was erroneous to give controlling effect to the McLean County decree so far as she was concerned because she was neither a party nor in privity with a party to the McLean County proceeding. With this contention we agree. It is well settled, as appellees concede, that the doctrine of *res judicata* does not operate against or in favor of one who is neither a party nor in privity with a party to the former action. (30 Am. Jur., Judgments, sec. 220; *Hart* v. *Brown,* 404 Ill. 498; *Hedlund* v. *Miner,* 395 Ill. 217; *Ohio National Life Ins. Co.* v. *Board of Education,* 387 Ill. 159; *Newberry Library* v. *Board of Education,* 387 Ill. 85.) As observed in *Hedlund* v. *Miner,* "The doctrine is bottomed on the ground that the party to be affected, or someone with whom he is in privity, has litigated or has had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction." 395 Ill. 217, 230.

Ruth Campbell was not a party to the McLean County action. Nor was she in privity with a party to that action. Privity contemplates a mutual or successive relationship to the same property rights which were the subject matter of prior litigation. (See: Restatement of the Law, Judgments, sec. 83; Cox, Res Adjudicata: Who Entitled to Plead, 9 (N.S.) Va. Law Register, 241.) The interests of vendor and vendee can not here be said to be mutual. The effect of the contract for the sale of the land was to place the equitable title in the purchaser. (*Wahl* v. *Fairbanks,* 405 Ill. 290, 293.) And a clear distinction is drawn between a successor in interest and a predeces-

sor in interest. While the former is bound the latter is not. As stated in *Orthwein* v. *Thomas*, 127 Ill. 554, 571, "* * * a privy to a judgment or decree is one whose succession to the rights of property thereby affected occurred after the institution of the particular suit, and from a party thereto. Freeman on Judgments (3rd ed.) sec. 162." (Cf. Restatement of the Law, Judgments, sec. 89; 30 Am. Jur., Judgments, sec. 226.) Since she acquired her interest in the property prior to the commencement of the action in McLean County, appellant was not in privity with any of the parties to that action.

Appellees argue, however, that the McLean County judgment falls within an exception to the general principle of *res judicata* which is applicable to a judgment or decree necessarily relied upon in order to establish a link in a chain of title. When that exception is applicable, however, the judgment stands upon the same footing as would a voluntary conveyance. (Freeman on Judgments, sec. 416.) Referring to the exception relied upon by appellee, it has been said: "this exception to the general rule must be carefully confined to its legitimate boundaries. Not every judgment affecting the title to land is admissible evidence in a suit between strangers. To have that quality the adjudication must constitute an actual and necessary part of the chain of title alleged by the party who offers it." (2 Black on Judgments, sec. 607.) Considering the McLean County decree as a voluntary conveyance, it cannot affect the interest of the appellant, for it was not entered until January of 1952, more than two years after the appellant had acquired her interest in the property.

It is also suggested by the appellees that Mrs. Campbell should be bound by the McLean County decree because she was aware of the pendency of that action, and could have intervened but did not do so. But the fact she might have intervened in that proceeding does not make the de-

cree there entered *res judicata* of the present controversy. As stated in 30 Am. Jur., Judgments, sec. 220: "The right to intervene in an action does not, in the absence of its exercise, subject one possessing it to the risk of being bound by the result of the litigation, under the doctrine of res judicata."

While we hold that it was error to ascribe a controlling effect to the McLean County decree in the present proceeding, we do not agree with the argument of appellant that it was error to admit that decree in evidence. The court which entered that decree had jurisdiction of the subject matter and of the parties to that action, and its decree is not subject to collateral attack. (*Armstrong* v. *Obucino,* 300 Ill. 140; *Espadron* v. *Davis,* 380 Ill. 199.) Rights there adjudicated have long since become final and may not be disturbed. As between Mrs. Sweeting and the principal appellees, Mrs. Adams and her children, the McLean County decree is final, and under it the provisions of the trust agreement of May 7, 1949, control their rights in the properties constituting the trust estate. Since both Mrs. Sweeting and Mrs. Adams were parties to the present proceeding, the decree which fixed interests as between them was properly admitted in evidence.

Under the conclusion which we have reached there is of course the possibility that upon an independent appraisal of the issues made by the pleadings and the evidence before it upon a new trial, the circuit court may reach a result inconsistent with, or contrary to, the result which was reached by the circuit court of McLean County. That possibility, however, stems from the importance which our legal system attaches to the overriding principle that every litigant shall have his day in court. It cannot be avoided without impairment of that principle. Cf., *Orthwein* v. *Thomas,* 127 Ill. 554, 567.

To sustain the decree, the appellees maintain that the contract for the sale of the Streator property was incom-

plete, and hence incapable of enforcement. The trial court so held, and this conclusion was of course reached independently of the earlier decree. Although no issue had been raised upon the pleadings with respect to the sufficiency of the contract, the special master found it was incomplete, and therefore not enforceable by or against either party and the circuit court of LaSalle County so found and adjudged. In our opinion this conclusion was erroneous. The particular defect relied upon was the absence of a provision fixing with precision the maturity date of a second mortgage indebtedness contemplated by the contract. Since neither party to the contract regarded this omission as an impediment to its performance, we believe that it was not such an objection as should have been raised by the court of its own volition.

The decree of the circuit court of LaSalle County is reversed and the cause remanded, with directions to proceed in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*

Mr. JUSTICE BRISTOW, dissenting.