SECOND DIVISION
FILED: November 14, 2006

No. 1-06-0426


IFC CREDIT CORPORATION,               )        Appeal from the
                                      )        Circuit Court of
    Plaintiff-Appellant,          )        Cook County.
                                      )
v.                                    )        No. 04 M2 2637
                                      )
MAGNETIC TECHNOLOGIES, LTD.,          )        Honorable
                                      )        Mary K. Rochford
    Defendant-Appellee.           )        Judge Presiding.


JUSTICE HOFFMAN delivered the opinion of the court:

IFC Credit Corporation (IFC) appeals from an order of the circuit court dismissing the instant breach of contract action pursuant to the doctrine of <u>res judicata</u>. For the reasons which follow, we reverse the judgment of the circuit court and remand this cause for further proceedings.

On October 10, 2003, NorVergence, Inc. (NorVergence) and IFC entered into a Master Program Agreement, governing the assignment of various equipment rental agreements from NorVergence to IFC. According to the Master Program Agreement, when IFC agreed to purchase a rental agreement, NorVergence would assign to IFC "all its rights, title and interest in and to the Rental Agreement and Equipment including all monies due and to become due under the Rental Agreement, but none of its obligations under the Rental Agreement."

On April 6, 2004, NorVergence and Magnetic Technologies, Ltd.

(Magnetic) entered into a rental agreement for the lease of certain telecommunications equipment known as a "Matrix." Under the agreement, Magnetic was required to make sixty payments of $340.14. The agreement also contained a provision authorizing NorVergence to assign its rights under the contract. NorVergence assigned the contract to IFC in that same month.

In June of 2004, NorVergence involuntarily entered bankruptcy. While those bankruptcy proceedings were pending, in November of 2004, the Federal Trade Commission (FTC) filed a complaint against NorVergence in the United States District Court for the District of New Jersey. The FTC's complaint accused NorVergence of various unfair and deceptive acts in violation of Section 5(a) of the Federal Trade Commission Act (15 U.S.C. § 45(a) (2000)). Neither NorVergence nor the trustee in bankruptcy defended the lawsuit, and a default judgment was entered by the United States District Court on June 29, 2005. In that judgment, the district court found, inter alia, that NorVergence's rental agreements assigned after the bankruptcy court rejected those agreements were void and unenforceable. The district court also found that the rental agreements in which NorVergence still retained any residual rights were void and unenforceable.

In November of 2004, the Illinois Attorney General filed a complaint against NorVergence in the Circuit Court of Sangamon

1-06-0426

County, alleging violations of the Illinois Consumer Fraud and Deceptive Business Practice Act (815 ILCS 505/1 et seq. (West 2004)). On May 6, 2005, a default judgment was entered in that case, declaring all of NorVergence's rental agreements void ab initio and unenforceable. IFC was not a party to either the action brought by FTC or the action brought by the Illinois Attorney General.

The matter before us began when IFC filed a complaint against Magnetic in the Circuit Court of Cook County. IFC's complaint contained a single count for breach of contract, seeking damages resulting from Magnetic's alleged failure to make the required payments on its rental agreement with NorVergence. Magnetic filed a motion to dismiss pursuant to section 2-619(a)(4) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(4) (West 2004)), arguing that the judgments entered in the United States District Court and the Circuit Court of Sangamon County, which declared NorVergence's rental agreements void and unenforceable, acted as a bar to IFC's current action. The circuit court granted Magnetic's motion, finding that IFC's claim was barred under the doctrine of res judicata. This appeal followed.

A section 2-619 motion to dismiss admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that defeat the claim. Cohen v. McDonald's Corp., 347 Ill.

1-06-0426

App. 3d 627, 632, 808 N.E.2d 1 (2004). When reviewing a dismissal pursuant to section 2-619, this court does not give deference to the circuit court's judgment, but rather reviews the matter <u>de novo</u>. <u>Martin v. Illinois Farmers Insurance</u>, 318 Ill. App. 3d 751, 757, 742 N.E.2d 848 (2000).

In urging the reversal of the circuit court's judgment, IFC contends, <u>inter alia</u>, that it was neither a party to the actions commenced against NorVergence by the FTC or the Illinois Attorney General nor was it in privity with NorVergence for purposes of an application of the doctrine of <u>res judicata</u> based on the judgments entered in those cases. Consequently, IFC argues that the circuit court erred in dismissing its action. We agree.

Under the doctrine of <u>res judicata</u>, a final judgment rendered on the merits is conclusive as to the rights of the parties and their privies, and constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. <u>Board of Education of Sunset Ridge School District No. 29 v. Village of Northbrook</u>, 295 Ill. App. 3d 909, 915, 692 N.E.2d 1278 (1998). The doctrine only applies, however, to subsequent actions involving the same parties or their privies. <u>Yorulmazoglu v. Lake Forest Hospital</u>, 359 Ill. App. 3d 554, 559, 834 N.E.2d 468 (2005).

IFC was not a party to the actions against NorVergence brought by the FTC and the Illinois Attorney General. Consequently,

application of the doctrine of <u>res judicata</u> rests on the question of whether IFC is considered to be in privity with NorVergence.

Magnetic alleges that privity arose from the long-standing and intertwined relationship between IFC and NorVergence regarding the assignment of various rental agreements. However, the only evidence Magnetic submitted in support of its motion to dismiss was the default judgments entered in the United States District Court and the Circuit Court of Sangamon County, the Master Purchase Agreement between NorVergence and IFC, and the rental agreement between NorVergence and Magnetic. There is no evidence of IFC's participation in a common scheme with NorVergence. Based solely on the record before us, the only relationship between NorVergence and IFC is that of assignor and assignee.

Generally, where an assignment occurs after the commencement of a suit against an assignor, the assignee is considered to be in privity with the assignor and is, therefore, bound by any judgment against the assignor. See <u>Sweeting v. Campbell</u>, 2 Ill. 2d 491, 497, 119 N.E.2d 237 (1954); <u>Gairdner Realty Investors, Ltd. v. Dovenmuehle, Inc.</u>, 94 Ill. App. 3d 1036, 1040, 419 N.E.2d 514 (1981). However, where the assignee's interest is acquired before the institution of a suit against the assignor, there is no privity between the assignor and assignee for the purposes of the application of the doctrine of <u>res judicata</u>, and, consequently, the

doctrine does not act as bar to a subsequent action by the assignee on the same claim. See Sweeting, 2 Ill. 2d at 497; Gairdner Realty Investors, Ltd., 94 Ill. App. 3d at 1040. The rationale for this rule is the proposition that an assignor who has transferred its rights before a lawsuit is instituted no longer has a significant interest in the matter and, thus, has no incentive to vigorously defend the suit. See Diversified Financial Services, Inc. v. Boyd, 286 Ill. App. 3d 911, 916, 678 N.E.2d 308 (1997).

Regardless of whether IFC was aware of the suits commenced against NorVergence and could have intervened, the doctrine of res judicata does not bar this action. See Sweeting, 2 Ill. 2d at 497-98. "'The right to intervene in an action does not, in the absence of its exercise, subject one possessing it to the risk of being bound by the result of the litigation, under the doctrine of res judicata.'" Sweeting, 2 Ill. 2d at 498, quoting 30 Am. Jur., Judgments, sec. 220.

The parties acknowledge in their briefs that NorVergence assigned its interest in Magnetic's rental agreement to IFC in April of 2004. However, the FTC and the Illinois Attorney General did not file their complaints against NorVergence until seven months later, in November of 2004. Because IFC's interest was acquired before the commencement of the actions brought by the FTC and the Illinois Attorney General, IFC was not in privity with

NorVergence for the purposes of the application of the doctrine of res judicata, and, thus, the default judgments entered against NorVergence will not act as bar to IFC's current action. See Sweeting, 2 Ill. 2d at 497; Gairdner Realty Investors, Ltd, 94 Ill. App. 3d at 1040.

IFC also argues that, because Magnetic's rental agreement is not included within the class of contracts declared void by the United States District Court in the action brought by the FTC, the judgment entered in that case can not be the basis for a dismissal of this action pursuant to the doctrine of res judicata. However, our foregoing analysis makes it unnecessary to address IFC's argument in this regard.

In its appellate brief, Magnetic also asserts that rental agreements assigned from NorVergence to IFC have recently been found unenforceable in final judgments entered in the County Court of Dallas County and the United States District Court for the Northern District of Illinois. We note, however, that Magnetic never raised the defense of collateral estoppel in its motion to dismiss but, rather, relied solely upon the doctrine of res judicata predicated on the judgments entered in the United States District Court for the District of New Jersey and the Circuit Court of Sangamon County. Arguments cannot be raised for the first time on appeal, (Hansen v. Baxter Healthcare Corp., 198 Ill. 2d 420,

1-06-0426

429, 764 N.E.2d 35 (2002)), and, as a consequence, we will not consider Magnetic's arguments based upon these newly entered judgments.

For the reasons stated, we reverse the judgment of the circuit court dismissing IFC's complaint and remand this cause to the circuit court for further proceedings.

Reversed and remanded.

WOLFSON, P.J., and HALL, J., concur.