THIRD DIVISION
March 30, 2007

No. 1-06-0974

| | | |
|---|---|---|
| MOUNT MANSFIELD INSURANCE GROUP, INC., | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, ILLINOIS NATIONAL INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY, AIG RISK MANAGEMENT, INC., and AIG CLAIM SERVICES, INC., | ) ) ) ) ) ) ) | No. 05 L 6662 |
| Defendants-Appellees. | ) ) ) | Honorable Paddy McNamara, Judge Presiding. |

PRESIDING JUSTICE THEIS delivered the opinion of the court:

Plaintiff, Mount Mansfield Insurance Group, Inc. (Mount Mansfield), filed a ten-count complaint against defendants, American International Group, Inc. (AIG), and several of its affiliates, including Insurance Company of the State of Pennsylvania, Illinois National Insurance Company, National Union Fire Insurance Company, AIG Risk Management, Inc., and AIG Claim Services, Inc. (collectively referred to as AIG's affiliates). The complaint alleged that AIG and its affiliates improperly handled workers' compensation claims, inflated the value assigned to Mount Mansfield's reserve requirements, and unnecessarily forced Mount Mansfield into

rehabilitation, resulting in damage to the corporation. Mount Mansfield sought recovery under various theories including breach of contract, conversion, fraud, and violation of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 et seq. (West 2004)). The circuit court dismissed the complaint pursuant to section 2-619(a)(4) of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619(a)(4) (West 2004)), finding that the claims were barred by the doctrine of res judicata based upon a prior lawsuit.

On appeal, Mount Mansfield contends that the trial court erred in finding its complaint barred by res judicata for the following reasons: (1) the claims and the parties are distinct from the prior case; (2) AIG and its affiliates are judicially estopped from relying on the doctrine based on inconsistent positions taken in the two cases; and (3) application of the doctrine would be unfair and unjust. For the following reasons, we reverse the judgment of the circuit court and remand for further proceedings.

BACKGROUND

In 1992, a group of companies in the business of leasing employees in the trucking and distribution industries formed a holding company called MMIG, Inc. (MMIG). Additionally, at the same time, Mount Mansfield was established as MMIG's wholly owned subsidiary to create a captive insurance company for workers' compensation claims. AIG and its affiliates were responsible for issuing the insurance policies to the shareholder companies of MMIG and providing them with claims handling services for claims filed by their employees. As the "captive insurer," Mount Mansfield provided reinsurance to AIG and its affiliates to reimburse them for losses. As part of that responsibility, it was required to maintain a certain amount of

reserves for claims. These reserve requirements were based upon calculations made by AIG.

Over time, a dispute arose regarding AIG and its affiliates' claims handling practices and the value assigned to Mount Mansfield's reserve requirements, allegedly causing the shareholder companies of MMIG to incur increased premiums on their workers' compensation policies, and causing Mount Mansfield to appear less financially solvent. Shortly thereafter, AIG and its affiliates allegedly informed the Vermont Department of Banking, Insurance, Securities and Health Care Administration that, according to its calculations, Mount Mansfield was indeed insolvent. On February 3, 1997, Mount Mansfield's assets were seized and its board of directors was enjoined from transacting the company's affairs. An order to rehabilitate Mount Mansfield was entered on October 30, 1997. On June 19, 2003, the rehabilitation proceedings were terminated, and Mount Mansfield was released back to the control of its board of directors.

The Previous Litigation

In order to fully comprehend the proceedings which AIG now claims act as a bar to the current litigation, it is necessary to provide a history of the various amended complaints that were filed and the parties involved in those proceedings (Aldworth v. AIG, No. 97 L 14647 (Cir. Ct. Cook Co.)) (the Aldworth action). Originally, in 1997, Mount Mansfield's sole shareholder, MMIG, and several of its shareholder companies filed a complaint against AIG and its affiliates. After several amendments, the shareholder companies of MMIG sought recovery from AIG and its affiliates alleging that their wrongful conduct caused an increase in their insurance premiums, a need to reimburse Mount Mansfield for its losses, and an increase in the cost of future workers' compensation insurance. Additionally, MMIG purported to bring a shareholder derivative action

3

on behalf of Mount Mansfield. MMIG alleged that as a result of AIG's improper conduct, it and Mount Mansfield were "effectively driven out of business" and Mount Mansfield was forced into rehabilitation. Mount Mansfield was not a party to the litigation as it was in rehabilitation and its board of directors was allegedly enjoined from transacting business, including authorizing the filing of a lawsuit in its name.

Thereafter, AIG and its affiliates filed a motion to dismiss the amended complaints pursuant to sections 2-615 and 2-619 of the Code. 735 ILCS 5/2-615, 2-619 (West 2002)). Therein, they argued, *inter alia*, that the shareholder companies of MMIG lacked standing in counts I and II to allege injuries for their lost investment in Mount Mansfield because that alleged injury resulted only from their status as shareholders and was, thus, derivative in nature. They asserted that these claims "belong, if they exist at all, to Mount Mansfield, an insolvent Vermont reinsurance company, which is not a party to this action."

Additionally, AIG and its affiliates argued that in counts III, IV and V, MMIG failed to allege the prerequisites for a proper shareholder derivative action. Specifically, they maintained that MMIG failed to allege that their purported demand on Mount Mansfield or the rehabilitator had been rejected, and failed to allege that such a rejection would be the result of fraud, illegality or conflict of interest as mandated by the Business Corporation Act of 1983 (805 ILCS 5/1.01 et seq. (West 2002)). Accordingly, AIG argued that the shareholder companies of MMIG lacked standing to proceed under counts I and II, and that MMIG failed to comply with the prerequisites for bringing a proper shareholder derivative action in counts III, IV and V. On September 19, 1998, the circuit court granted the shareholder companies of MMIG leave to amend and replead

counts I and II against AIG and its affiliates, and dismissed counts III, IV and V, the derivative counts, without prejudice.

Ultimately, a third amended complaint was filed by certain shareholder companies of MMIG, attempting to pursue their individual claims as insureds against their insurers, AIG and its affiliates based upon their distorted retrospective premium calculations. MMIG was not a party to that complaint. On July 17, 2002, the third-amended complaint was voluntarily dismissed and a virtually identical complaint was refiled on July 16, 2003. At that time, Mount Mansfield was no longer in rehabilitation. It did not pursue litigation at that time. Five months later, on December 15, 2003, the refiled Aldworth action was nonsuited for a second time. On June 30, 2004, the circuit court denied a motion brought by new counsel to vacate that order and dismissed the refiled Aldworth action with prejudice.

The Present Lawsuit

On June 16, 2005, Mount Mansfield filed a ten-count complaint. Therein, it alleged that AIG and its affiliates improperly handled workers' compensation claims, inflated the value assigned to the corporation's reserve requirements, and forced the corporation to defend itself in an unnecessary rehabilitation, resulting in damage to the corporation. Mount Mansfield sought recovery under various theories including breach of contract, conversion, fraud, and violation of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 et seq. (West 2004)).

Thereafter, AIG and its affiliates filed a motion to dismiss the complaint pursuant to section 2-619(a)(4) of the Code (735 ILCS 5/2-619(a)(4) (West 2004)), maintaining that the prior

judgment in the <u>Aldworth</u> case acted as a bar to Mount Mansfield's current action based on the doctrine of *res judicata*. Therein, they argued essentially that MMIG, the shareholders of MMIG, and Mount Mansfield were all in privity with each other, referring to them collectively as the "the Mount Mansfield plaintiffs" and referring to the shareholder companies of MMIG as the "Mount Mansfield Owners/Insureds." Additionally, AIG and its affiliates argued that there was an identity of causes of action in that, in both proceedings, the parties claimed that AIG and its affiliates had mishandled their workers' compensation claims and committed other wrongful acts in connection with the Mount Mansfield rehabilitation proceedings. After briefing and a hearing in connection with the motion, the circuit court granted the motion to dismiss, finding the complaint barred by *res judicata*.

ANALYSIS

A motion to dismiss pursuant to section 2-619(a)(4) of the Code admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that defeat the claim. <u>IFC Credit Corp. v. Magnetic Technologies, Ltd.</u>, 368 Ill. App. 3d 898, 900, 859 N.E.2d 76, 78-79 (2006). Our review of such a motion is *de novo*. <u>IFC Credit Corp.</u>, 368 Ill. App. 3d at 900, 859 N.E.2d at 78-79.

Mount Mansfield contends that the circuit court erred in finding its cause of action barred by *res judicata* because it argues that it was not a party to the <u>Aldworth</u> case nor in privity with the parties that brought that action. It is well-settled that a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action. <u>River Park, Inc. v. City of Highland Park</u>, 184 Ill. 2d 290,

6

302, 703 N.E.2d 883, 889 (1998). *Res judicata* promotes judicial economy by requiring parties to litigate in one case all claims arising out of the same group of operative facts. Nowak v. St. Rita High School, 197 Ill. 2d 381, 393, 757 N.E.2d 471, 479 (2001). The doctrine applies not only to what was decided in the first action, but also "those matters that could have been decided in that suit." River Park, Inc., 184 Ill. 2d at 302, 703 N.E.2d at 889. The following requirements must be met for the doctrine to apply: (1) a court of competent jurisdiction rendered a final judgment on the merits; (2) there is an identity of parties or their privies; and (3) there is an identity of causes of action. Nowak, 197 Ill. 2d at 390, 757 N.E.2d at 477; River Park, Inc., 184 Ill. 2d at 302, 703 N.E.2d at 889.

The parties to this appeal agree that Mount Mansfield was not a party to the Aldworth action, but disagree with respect to the issue of privity. Under Illinois law, "[p]rivity is said to exist between ' "parties who adequately represent the same legal interests." ' [Citations.]" People *ex rel*. Burris v. Progressive Land Developers, Inc., 151 Ill. 2d 285, 296, 602 N.E.2d 820, 826 (1992); accord Bagnola v. SmithKline Beecham Clinical Laboratories, 333 Ill. App. 3d 711, 718, 776 N.E.2d 730, 736 (2002). See also Smith v. Bishop, 26 Ill. 2d 434, 438, 187 N.E.2d 217, 219 (1962) ("[p]rivity contemplates a mutual or successive relationship to the same property rights which were the subject matter of prior litigation"). Thus, the relevant inquiry here is whether Mount Mansfield's corporate interests were adequately represented in the Aldworth case. In order to determine that, it is necessary to understand the relationship among MMIG, the shareholder companies of MMIG, and Mount Mansfield.

Initially, AIG and its affiliates maintain that Mount Mansfield is "owned" by the

7

shareholder companies of MMIG and, thus, privity stems from that relationship. This argument oversimplifies and "glosses over" the layers of corporate structure here. The law is well-settled that a corporation is an entity legally separate and distinct from its individual shareholders. Main Bank of Chicago v. Baker, 86 Ill. 2d 188, 204-05, 427 N.E.2d 94, 101 (1981). Thus, a shareholder of a corporation has no personal or individual right to pursue an action against third parties for damages resulting indirectly to the shareholder because of an injury to the corporation. Sarno v. Thermen, 239 Ill. App. 3d 1034, 1048, 608 N.E.2d 11, 21 (1992); 12B W. Fletcher, Private Corporations §5911 (rev. perm ed. 1984).

Exceptions to the general rule are recognized when a shareholder is able to maintain a derivative action on behalf of the corporation. Mann v. Kemper Financial Cos., 247 Ill. App. 3d 966, 974, 618 N.E.2d 317, 323 (1992). "To maintain a suit on behalf of a corporation, a shareholder must allege and prove an equitable basis for such intervention, and a shareholder is no more entitled to challenge a decision by the board of directors not to sue through a derivative action than to challenge any other board decision." American National Bank in Dekalb v. Richoz, 189 Ill. App. 3d 775, 782, 545 N.E.2d 550, 554-55 (1989).

Thus, in the Aldworth action, MMIG, as the sole shareholder of Mount Mansfield, had no right to represent the interests of its subsidiary unless it was able to pursue a derivative action on its behalf. Additionally, the shareholder companies of MMIG had no right to represent the interests of Mount Mansfield unless they brought a double derivative action, seeking a demand from both MMIG, the holding company, and Mount Mansfield as its subsidiary. Brown v. Tenney, 125 Ill. 2d 348, 356-57, 532 N.E.2d 230, 233 (1988). No such action was ever brought

in the Aldworth action. Rather, the shareholder companies of MMIG brought individual actions as insureds against their insurer for mishandling claims and subjecting the insureds to increased current and future premiums. Accordingly, having pursued individual rather than derivative rights, they did not adequately represent the legal interests of Mount Mansfield in the Aldworth action. Additionally, although MMIG attempted to bring a shareholder derivative action, it was unable to meet the pleading requirements under the Business Corporation Act of 1983 (805 ILCS 5/1.01 et seq. (West 2002)), and as alleged, Mount Mansfield was enjoined from authorizing the filing of a such a lawsuit in its name. MMIG was, therefore, unable to establish its right to bring an action on Mount Mansfield's behalf. Thus, MMIG could not adequately represent the legal interests of Mount Mansfield in those proceedings.

Indeed, AIG and its affiliates took this same position in the Aldworth action when pursuing their motions to dismiss that action. Essentially, they argued therein that the shareholder companies of MMIG lacked standing to take legal action to remedy an infringement of the corporation's rights, and MMIG could not adequately allege a proper basis for a derivative action. They asserted that these corporate claims "belong[ed], if they exist[ed] at all, to Mount Mansfield, an insolvent Vermont reinsurance company, which [was] not a party to [the] action." The notions of standing and privity are interrelated here. The "inquiry regarding standing is whether a litigant, either in an individual or representative capacity, is entitled to have the court decide the merits of a dispute or a particular issue." In re Estate of Wellman, 174 Ill. 2d 335, 344, 673 N.E.2d 272, 276 (1996). As indicated, the inquiry regarding privity is whether the parties adequately represent the same legal interests. People ex rel. Burris, 151 Ill. 2d at 296, 602

9

N.E.2d at 826. Thus, where a party has no standing to bring a cause of action on behalf of another party, either individually or derivatively, it also must be said to lack privity with the other party because it cannot adequately represent the other party's legal interests. Accordingly, AIG and its affiliates' position in the Aldworth action supports the finding that neither the shareholder companies of MMIG nor MMIG adequately represented the legal interests of Mount Mansfield.

Despite these separate and distinct legal interests, AIG and its affiliates argue that there is privity among them because Mount Mansfield "oversaw and directed the prior case." In support, they cite evidence in the record that the president and chairman of the board of Mount Mansfield had interactions with and communicated with counsel handling the Aldworth action in an attempt to "protect its own interests." AIG and its affiliates offer no authority for the proposition that merely coordinating information with counsel in an effort to protect Mount Mansfield's interests would establish privity, nor do we find any authority to support that proposition. Accordingly, this argument lacks merit.

Lastly, AIG and its affiliates argue that because Mount Mansfield's rehabilitation concluded in June 2003, and the Aldworth action was not ultimately dismissed until June 2004, it could have joined as a plaintiff in that case. Although claims that could have been brought in the initial proceeding are barred, this proposition only acts as a bar where all of the other elements of *res judicata* are met. Nowak, 197 Ill. 2d at 390, 757 N.E.2d at 477. Where, here, there is no identity of parties or their privies, we need not consider whether Mount Mansfield could have brought its claim at that time. This argument is, at best, one regarding the principle of joinder. Joinder of plaintiffs is permissive and not mandatory. 735 ILCS 5/2-404 (West 2004).

10

Accordingly, where Mount Mansfield was not a party or in privity with the parties in the Aldworth action, its claims are not barred by the doctrine of *res judicata*. We reverse the judgment of the circuit court and remand for further proceedings.

Reversed and remanded.

GREIMAN and CUNNINGHAM, JJ., concur.

**MOUNT MANSFIELD INSURANCE GROUP, INC.,**

       **Plaintiff-Appellant,**

       **v.**

**AMERICAN INTERNATIONAL GROUP, INC., INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, ILLINOIS NATIONAL INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY AIG RISK MANAGEMENT, INC., and AIG CLAIM SERVICES, INC.,**

       **Defendants-Appellees,**

---

## No. 1-06-0974

**Appellate Court of Illinois**
**First District, Third Division**

**Filed: March 30, 2007**

---

## PRESIDING JUSTICE THEIS delivered the opinion of the court.

**Greiman and Cunningham, JJ., concur.**

---

**Appeal from the Circuit Court of Cook County**
**Honorable Paddy McNamara, Judge Presiding**

---

| | |
|---|---|
| **For PLAINTIFF - APPELLANT** | **Richard J. Hickey** |
| | **Christopher R. Zink** |
| | **Hickey, Melia & Associates, Chartered** |
| | **77 W. Washington St., Suite 800** |
| | **Chicago, IL 60602** |
| | |
| **For DEFENDANTS - APPELLEES** | **James W. Hutchinson** |
| | **David S. Slovick** |
| | **Katten Muchin Rosenman LLP** |
| | **525 W. Monroe St.** |
| | **Chicago, IL 60661** |